UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

YANG SHEN and XIAOXIA YU,   Case No: 1:19-cv-02212

                              Plaintiffs,   **MEMORANDUM OF LAW IN**
   v.   **SUPPORT OF PLAINTIFFS'**
                                                                                  **MOTION FOR DEFAULT**
GJ GROUP USA INC. and ZEXIN JIANG,   **JUDGMENT**

                              Defendants.
-------------------------------------------------------------------x

## I.    PRELIMINARY STATEMENT

Plaintiffs YANG SHEN and XIAOXIA YU (collectively, "Plaintiffs") have filed for judgment by default against Defendants GJ GROUP USA INC. and ZEXIN JIANG (collectively, "Defendants"). Plaintiffs have established that Defendants were properly served with the Summons and Complaint and have failed to appear, plead, file an answer, or otherwise defend this action. Plaintiffs submit this Memorandum of Law in support of Plaintiff's Motion for Default Judgment.

## II.    PROCEDURAL BACKGROUND

On April 15, 2019, Plaintiffs filed a Complaint alleging Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Complaint alleges that Defendants are liable to Plaintiffs for unpaid minimum wages, unpaid overtime compensation, spread of hours pay, failure to provide time-of-hire notices, and failure to provide

paystubs. The Complaint further alleges that Defendants are liable for liquidated damages under the FLSA and the NYLL and attorney's fees and costs, as well as post-judgment interest.

As set forth in the declaration of Baya Harrison, Esq., this Court has both subject matter jurisdiction and personal jurisdiction in this case.

### III.   ARGUMENT

**A.   Plaintiffs Are Entitled to Unpaid Minimum Wages and Overtime Pay**

**i.   The NYLL and FLSA Provide for Minimum Wage and Overtime Pay**

Plaintiffs allege that Defendants violated the NYLL and the FLSA by failing to pay proper minimum wage and overtime compensation for all hours worked. Defendants failed to pay both Plaintiffs any wages for the time the Plaintiffs worked from March 19, 2018 through April 15, 2018, a clear violation of the FLSA's and NYLL's requirements of prompt payment of wages. 29 U.S.C. § 206(a); N.Y.L.L. § 652(1). Plaintiffs frequently worked in excess of 40 hours every week, but Defendants never paid Plaintiffs overtime compensation. The NYLL and the FLSA provide that employees must be compensated at a rate of one and one-half times their regular rate of pay for all hours worked over 40 hours in a given week. See 29 U.S.C. § 207(a); N.Y.L.L. § 652(1); 12 NYCRR 142-2.2.

**ii.   The Court May Rely on Plaintiffs' Recollection in Their Declarations.**

The Court is permitted to rely on Plaintiffs' recollection of the days and times they worked and wages they were paid, because Defendants have not kept adequate payroll records. Pavia v. Around The Clock Grocery, Inc., 2005 WL 4655383 at *5 (E.D.N.Y. Nov. 15, 2005). Where no records have been produced as a consequence of Defendants' default, courts have held

that the employee has "carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. (quoting Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002) (overruled on other grounds by Slayton v. Am. Exp. Co., 460 F.3d 215, 226 (2d Cir. 2006))). Further, Plaintiffs' testimony as to the hours they worked and their rate of pay are presumed to be correct in the absence of any rebuttal evidence proffered by Defendants. Duro v. BZR Piping & Heating Inc., 2011 WL 710449 at *3 (E.D.N.Y. Jan. 26, 2011). Due to their default, Defendants have failed to provide any evidence to contradict Plaintiffs' recollection.

**B.     Plaintiffs Are Entitled to Liquidated Damages**

Plaintiffs are entitled to an award of liquidated damages under the NYLL and the FLSA. The FLSA provides for 100% liquidated damages for violation of its minimum wage and overtime compensation provisions. See 29 U.S.C. § 216(b). Additionally, the NYLL provides for 100% liquidated damages, unless the employer proves a "good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL § 663(1). Due to their default, Defendants have failed to prove a good faith basis for their non-compliance with the law. Maldonado v. La Nueva Rampa, Inc., 2012 WL 1669341 at *8 (S.D.N.Y. May 14, 2012).

**C.     Plaintiffs Are Entitled to Liquidated Damages under Both the NYLL and the FLSA**

Plaintiffs are entitled to recover liquidated damages under both the NYLL and the FLSA. The Court is permitted to award liquidated damages under both the NYLL and the FLSA, because recovery of liquidated damages under each statute serves different functions. See

Lanzetta v. Florio's Enterprises, Inc., 2011 WL 3209521 at *5 (S.D.N.Y. July 27, 2011); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008) (awarding liquidated damages under both statutes and stating that liquidated damages under the FLSA are not punitive in nature like the NYLL).

D.   **Plaintiffs Are Entitled to Spread of Hours Pay**

Plaintiffs are entitled to spread of hours pay pursuant to New York law. Plaintiffs allege that Defendants failed to pay them an additional hour of pay at the New York state minimum wage for each date that Plaintiffs worked more than 10 hours. See 12 NYCRR 142-2.4. The spread of hours is defined as the interval between the beginning and end of an employee's workday. Id. The spread of hours for any day includes working time plus time off for meals plus intervals off duty. Id. As set forth in the Complaint and Plaintiffs' declarations, Plaintiffs regularly worked more than 10 hours per day and are entitled to spread of hours pay.

E.   **Plaintiffs Are Entitled to Post-Judgment Interest**

Plaintiffs are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. Pereira v. J. Sisters Hair Care Products, Inc., 2010 WL 2194807 at *1 (S.D.N.Y. June 1, 2010) (awarding post-judgment interest on default judgment); Blue v. Finest Guard Services, Inc., 2010 WL 2927398 at *13 (E.D.N.Y. June 24, 2010). This amount is calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. See 28 U.S.C. § 1961.

**F.    Plaintiffs Are Entitled to Damages for Defendants' Failure to Issue a Written Notice of Pay**

Plaintiffs are entitled to $50.00 per work day for Defendants' failure to issue a written notice of their rate of pay, with a maximum award of $5,000.00. N.Y.L.L. §§ 195(1), 198(1-b). As set forth in the Complaint and Plaintiffs' respective declarations, Defendants never issued Plaintiffs a written notice of their rate of pay.

**G.    Plaintiffs Are Entitled to Damages for Defendants' Failure to Issue Paystubs**

Plaintiffs are entitled to $250.00 per work day that Defendants failed to provide Plaintiffs with a paystub containing the Plaintiffs' rate of pay and net wages, with a maximum award of $5,000.00. N.Y.L.L. §§ 195(1), 198(1-d). As set forth in the Complaint and Plaintiffs' respective declarations, Defendants never issued Plaintiffs paystubs containing the statutorily-required information.

**H.    Plaintiffs Are Entitled to an Award of Attorney's Fees**

Plaintiffs are entitled to an award of attorney's fees and costs in this matter. Both the FLSA and the NYLL provide for an award of reasonable attorney's fees and costs to a prevailing plaintiff. See 29 U.S.C. § 216(b); N.Y.L.L. § 663(1). Plaintiffs are represented by The Harrison Law Firm P.C. A detailed breakdown of the attorney's fee request, time expended, and costs of this case is located in the supporting declaration of Baya Harrison, Esq.

**I.    Defendant Zexin Jiang Is Jointly and Severally Liable with Defendant GJ Group USA Inc.**

Defendant ZEXIN JIANG is jointly and severally liable with Defendant GJ GROUP USA INC. To be held liable under THE FLSA, a person must be an "employer." <u>See</u>, <u>e.g.</u>, 29 U.S.C. § 206. An employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); <u>see</u> N.Y.L.L. §651(6) (defining employers similarly under New York law). When determining if a defendant is an "employer," "the overarching concern is whether the alleged employer possessed the power to control the workers in question." <u>Herman v. RSR Sec. Servs. Ltd.</u>, 172 F.3d 132, 139 (2d Cir. 1999). Pursuant to the "economic realities" test, one is an "employer" for the purposes of FLSA if he or she "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." <u>Carter v. Dutchess Comm. Coll.</u>, 735 F.2d 8, 12 (2d Cir. 1984). Based on the allegations in the Complaint and the Plaintiffs' declarations, both the corporate Defendant GJ GROUP USA INC. and the individual Defendant ZEXIN JIANG meet the economic realities test.

## IV.     CONCLUSION

Pursuant to the foregoing, Plaintiff is entitled to an award representing damages for unpaid wages, unpaid overtime compensation, liquidated damages, spread of hours pay, post-judgment interest, failure to issue a written notice of rate of pay, failure to issue paystubs indicating actual pay, attorney's fees, and costs.

Dated: October 11, 2019
       Flushing, New York

Respectfully submitted,
**The Harrison Law Firm P.C.**

By: *Baya Harrison*
Baya W. Harrison, Esq. (5678610)
The Harrison Law Firm P.C.
38-08 Union Street, Suite 11A, Flushing, NY 11354
Tel/Fax: (866) 943-2692
Email: bwh@heboya.com
Attorney for Plaintiffs